UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  Case No: 8:22-cr-177-KKM-AAS

ELIAS ISRAEL ROBLERO RANGEL,

    Defendant.
_____

## ORDER

Elias Israel Roblero Rangel pleaded guilty to one count of embezzlement and one count of unauthorized access device fraud in May 2022, and the Court sentenced him to 12 months and one day imprisonment. *See* Judgment (Doc. 33). Rangel now moves the Court to reduce or modify his sentence "based on the retroactive application of Amendment 782 to U.S.S.G." Motion for Reduction of Sentence (Doc. 35) at 1. But Rangel does not qualify for such relief.

As an initial matter, Rangel argues that the U.S. Sentencing Commission "submitted and published the newly [sic] U.S.S.G. In re: § 4A1.1 Safety valve relief" in January 2023. Motion to Reduce Sentence at 2. However, the U.S. Sentencing Commission lacked a quorum from early 2019 to 2022 and has been unable to promulgate amendments to the guidelines for the past four years. *See A Message from the Acting*

*Chair*, UNITED STATES SENTENCING COMMISSION, https://www.ussc.gov/guidelines/2021-guidelines-manual-annotated. The Commission recently regained a quorum and proposed new amendments, but the proposed amendments have not yet taken effect. *See Acting Chair Judge Charles Breyer, Incoming Chair Judge Carlton W. Reeves Applaud Senate Confirmation of New Commissioners*, UNITED STATES SENTENCING COMMISSION, https://www.ussc.gov/about/news/press-releases/august-5-2022; *U.S. Sentencing Commission Seeks Comment on Proposed Revisions to Compassionate Release, Increase in Firearms Penalties*, UNITED STATES SENTENCING COMMISSION, https://www.ussc.gov/about/news/press-releases/january-12-2023. Thus, the guidelines have not changed between the Court's imposition of Rangel's sentence and his request to reduce his sentence, and no amendment proposed in 2023 would alter the guideline range under which the Court sentenced Rangel. No amendment warrants a reduction in Rangel's sentence.

Rangel also does not qualify for relief under the amendment he cites. Amendment 782 to the United States Sentencing Guidelines, known as the First Step Act, applies to non-violent drug offenders with limited criminal history. 18 U.S.C. § 3553(f); United States Sentencing Guidelines § 1B1.10 (Nov. 2018). When applicable, the Act allows the sentencing court to impose a sentence "without regard to any statutory minimum sentence." 18 U.S.C. § 3553(f). Although Rangel is correct that the First Step Act can apply

2

retroactively, it does not apply to Rangel. Section 3553(f) lists the offenses eligible for relief under this "safety valve" provision. They include only offenses under the Controlled Substances Act (21 U.S.C. Ch. 13). They do not include offenses under 18 U.S.C. § 656 or 18 U.S.C. § 1029—the offenses to which Rangel pleaded guilty. *Id.*; *see also* U.S.S.G. § 2B1.1 (the sentencing guideline under which the Court sentenced Rangel). Therefore, although Rangel has a criminal history category of I, his offenses were not drug offenses, so the Act is not applicable and does not warrant a reduction in Rangel's sentence.

Rangel further argues that there are extraordinary and compelling reasons to reduce his sentence. Title 18, United States Code, § 3582(c) provides that a "court may not modify a term of imprisonment once it has been imposed," except in two limited circumstances. First, under § 3582(c)(1), a court may "reduce the term of imprisonment" upon motion of the defendant if certain conditions are met to show extraordinary or compelling reasons for a reduction in sentence. To satisfy this exception, the defendant must exhaust his administrative rights to "appeal a failure of the Bureau of Prisons to bring a motion" on his behalf or the defendant must request such from the warden and wait thirty days from the "receipt of such a request by the warden of the defendant's facility." § 3582(c)(1)(A). A court must then find that "extraordinary and compelling reasons warrant such a reduction" based on the factors in 18 U.S.C. § 3353(a). *Id.* And finally, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*;

3

see § 3582(c); *United States v. Rodrigues*, 847 F. App'x 609, 611 (11th Cir. 2021); *United States v. Rodriguez-Orejuela*, 457 F. Supp. 3d 1275, 1280–81 (S.D. Fla. 2020) (Moreno, J.).

Under the second exception found in § 3582(c)(2), a court may reduce the term of imprisonment upon motion by "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the sentencing commission" after considering the § 3553(a) factors and "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The factors listed in § 3353(a) include the nature of the offense and the history of the defendant, the need for the sentence, the kind of sentences available, the sentencing range established for the defendant and offense, relevant policy statements from the Sentencing Commission, the need to avoid unwarranted sentence disparities between like defendants, and the need to provide restitution. The applicable policy statement for a § 3582(c)(1)(A) release is U.S.S.G. § 1B1.13. *See United States v. Bryant*, 996 F.3d 1243, 1252 (11th Cir. 2021) (holding § 1B1.13 to be the applicable policy statement for § 3582(c)(1)(A) motions). Section 1B1.13, in turn, requires a court to consider whether "[e]xtraordinary and compelling reasons warrant the reduction," whether the defendant is at least seventy years old and has served at least thirty years, and whether the defendant is a danger to others. U.S.S.G. § 1B1.13. The commentary to the policy statement clarifies

4

that extraordinary and compelling reasons include the medical condition or family circumstances of the defendant. *See id.*

Rangel fails to establish a reduction in his sentence under § 3582(c)(1) or § 3582(c)(2). As an initial matter, Rangel does not allege that he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf" or that thirty days has elapsed since he requested such a motion from the warden of his facility. *See* § 3582(c)(1)(A). Although the Eleventh Circuit has not yet addressed whether this exhaustion requirement is waivable, courts in this district have consistently ruled that the administrative exhaustion requirement of § 3852(c)(1)(A) cannot be waived. *United States v. Velez-Moreno*, No. 8:18-cr-161, 2022 WL 3357668, at *1 (M.D. Fla. Aug. 15, 2022) (Jung, J.); *United States v. Chappell*, No. 8:10-cr-134, 2020 WL 2573404, at *2 (M.D. Fla. May 21, 2020) (Covington, J.); *United States v. Smith*, 8:17-cr-412, 2020 WL 2512883, at *5 (M.D. Fla. May 15, 2020) (Honeywell, J.). But even if the United States could waive that exhaustion requirement (it has not yet responded nor has the time lapsed for it to do so), Rangel fails to demonstrate that extraordinary and compelling reasons warrant a reduction in his sentence under § 3582(c)(1). He argues that the Court should reduce his sentence because if he "was sentenced today" he would have "received the safety valve relief," he has already served over half of his sentence, he has participated in a rehabilitation program, and he is not a danger to the community. Motion to Reduce

Sentence at 2–3. These facts do not suffice for relief. Nor does Rangel mention his age, any medical condition, or family circumstance that would rise to the level of an extraordinary and compelling reason to reduce his sentence. Thus, the Court denies Rangel's motion under § 3582(c)(1).

Rangel's argument that the Court should reduce his sentence based on a change in the sentencing guideline range is unavailing under § 3582(c)(2) because the sentencing guideline ranges for the crimes Rangel pleaded guilty to have not changed since he was sentenced. The Court sentenced Rangel according to § 2B1.1, which, as explained above, has not been amended since Rangel was sentenced. Thus, § 3582(c)(2) does not apply to Rangel and does not warrant a reduction in his sentence.

Accordingly, Defendant Rangel's motion for a sentence reduction is **DENIED**.

**ORDERED** in Tampa, Florida, on February 27, 2023.

Kathryn Kimball Mizelle
United States District Judge